**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **AMANCIO ABURTO-GAMINO,** | ) | |
| ID # 99059-179, | ) | |
| Movant, | ) | **No. 3:18-CV-1248-L (BH)** |
| vs. | ) | **No. 3:13-CR-0193-L (01)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this pro se prisoner case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the *Petition for a Writ of Error Coram Nobis*, received on May 15, 2018 (doc. 3). Based on the relevant filings and applicable law, the petition should be **DISMISSED** for lack of jurisdiction.

**I. BACKGROUND**

Amancio Aburto-Gamino (Petitioner) was convicted of illegal reentry and sentenced to 78 months in prison. (*See* doc. 28.)[1] He did not appeal, but he did file a motion under 28 U.S.C. § 2255. (*See* doc. 38.) In lieu of granting the § 2255 motion, the Court granted Petitioner an out-of-time appeal, entered an amended judgment, and denied his remaining claims without prejudice. (*See* docs. 40, 41; *see also* 3:14-CV-4365-L, docs. 13, 14, 15.) As permitted, Movant filed a direct appeal, and the judgment was affirmed. *See United States v. Aburto-Gamino*, 697 F. App'x 272, 273 (5th Cir. 2017) (per curiam). He subsequently filed another § 2255 motion, and it was transferred to the Fifth Circuit Court of Appeals as successive. (*See* 3:17-CV-3176-L, docs. 3, 5.) The Fifth Circuit denied authorization to file the successive § 2255 motion on February 22, 2018. (*See id.*,

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:13-CR-193-L.

doc. 7); *In re Aburto-Gamino*, No. 17-11521 (5th Cir. Feb. 22, 2018).

In the petition for writ of error coram nobis, Petitioner contends that he should have received an additional point for acceptance of responsibility under the United States Sentencing Guidelines (USSG).[2]

## II.  CORAM NOBIS

An individual may file a petition for writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a),[3] in the court in which he was convicted.  *See United States v. Morgan*, 346 U.S. 502, 504 (1954); *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998).  A writ of error coram nobis is a remedy of last resort for persons who are no longer in custody under a criminal conviction and are therefore unable to pursue direct review or seek collateral relief by filing a petition for writ of habeas corpus.  *United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999).  Petitioner is still in custody, so this Court lacks jurisdiction to grant coram nobis relief.  *United States v. Uridales Garcia*, 442 F. App'x 935 (5th Cir. 2011); *see also United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004).

"Where a petitioner is still in federal custody, relief from a prior invalid conviction must be sought by means of § 2255; for coram nobis survives only to the extent that it has not been replaced by statute and, therefore, is open to a prisoner only when his statutory remedies are unavailable or inadequate." *Correa-Negron v. United States*, 473 F.2d 684, 685 (5th Cir. 1973).  Here, the petition challenging a federal sentence should not be construed as a 28 U.S.C. § 2255 motion because a §

---

[2]  Petitioner raised this claim on direct appeal of the criminal case.  *See Aburto-Gamino*, 697 F. App'x 272.

[3]  Section 1651(a) provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

2255 motion would be successive, and this Court lacks jurisdiction to consider a successive § 2255

motion without the Fifth Circuit's authorization. *Uridales Garcia*, 442 F. App'x 935.

### III. RECOMMENDATION

The petition for writ of error coram nobis should be **DISMISSED** for lack of jurisdiction.

It should not be construed as a § 2255 motion because this Court would lack jurisdiction over a

successive § 2255 motion without Fifth Circuit authorization.

**SIGNED this 16th day of May, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3